UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60604-CIV-COHN/SELTZER

DR. MASSOOD JALLALI,

    Plaintiff,

v.

AMERICAN OSTEOPATHIC ASSOCIATION,
a/k/a/ Commission on Accreditation of Colleges
of Osteopathic Medicine,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S RULE 12(f) MOTION TO STRIKE

**THIS CAUSE** is before the Court on Plaintiff Dr. Massood Jallali's Rule 12(f) Motion to Strike [DE 22] ("Motion to Strike"). The Court has considered Motion to Strike and the record in this case, and is otherwise advised in the premises.

Plaintiff filed this action on March 22, 2011 [DE 1]. He filed his Amended Complaint [DE 16] on April 28, 2011. Thereafter, on May 9, 2011, Defendant American Osteopathic Association, a/k/a Commission on Accreditation of Colleges of Osteopathic Medicine, filed its Motion to Dismiss the Amended Complaint [DE 19] ("Motion to Dismiss") and Motion to Stay Discovery [DE 20].

On May 24, 2011, Plaintiff filed the instant Motion to Strike, requesting that the Court strike certain language from Defendant's Motion to Dismiss. Specifically, Plaintiff asks the Court to strike any language in Section IV of the Motion to Dismiss that "characterize[s] Plaintiff as acting with malicious intent unjustly to vex and trouble Defendant," Mot. to Strike at 3, and any language supporting such a characterization in

the Conclusion section of the Motion to Dismiss, Mot. to Strike at 4.  Plaintiff contends that he "is not acting maliciously or harassing Defendant," id. at 3, and that his "case is meritorious and supported by facts and new triggering dates," id. at 4.

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "'A motion to strike is a drastic remedy,' which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)).  By its plain language, Rule 12(f) only permits courts to strike material contained in "a pleading."  See Fed. R. Civ. P. 12(f).  Rule 7(a) defines pleadings as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim;(4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 7(a).

The language that Plaintiff seeks to strike is contained in Defendant's Motion to Dismiss, which is a dispositive motion.  Dispositive motions are not "pleadings" within the definition of Rule 7(a).  See id.  In fact, Rule 7 specifically distinguishes "pleadings" from "Motions and Other Papers."  Compare Fed. Rule Civ. P. 7(a) ("Pleadings") with Fed. R. Civ. P. 7(b) ("Motions and Other Papers").  Therefore, the Court will deny Plaintiffs' Motion to Strike pursuant to Rule 12(f) because the statements are not contained in a "pleading."

The Court notes, however, that Plaintiff has raised similar objections in his Response to the Motion to Dismiss [DE 21].  The Court will consider those arguments

when ruling on the Motion to Dismiss.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Dr. Massood Jallali's Rule 12(f) Motion to Strike [DE 22] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 25th day of May, 2011.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Dr. Massood Jallali, *pro se*
2337 South University Drive
Davie, FL 33324