UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60604-CIV-COHN/SELTZER

DR. MASSOOD JALLALI,

    Plaintiff,

v.

AMERICAN OSTEOPATHIC ASSOCIATION,
a/k/a/ Commission on Accreditation of Colleges
of Osteopathic Medicine,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS, DENYING AS MOOT MOTION TO STAY, AND DISMISSING AMENDED COMPLAINT WITH PREJUDICE

**THIS CAUSE** is before the Court on Defendant American Osteopathic Association's Motion to Dismiss Amended Complaint [DE 19] ("Motion to Dismiss"). The Court has considered the Motion to Dismiss, Plaintiff Dr. Massood Jallali's Response [DE 21], and Defendant's Reply [DE 29]. The Court has also considered Defendant's Renewed Motion to Stay Discovery Pending Ruling on Motion to Dismiss Amended Complaint [DE 20] ("Motion to Stay")[1] and the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff filed this action on March 22, 2011, and amended his Complaint on April 28, 2011. See Complaint [DE 1]; Amended Complaint [DE 16]. According to the Amended Complaint, Plaintiff enrolled as a first-year medical student at the School of

---

[1] Plaintiff did not file a Response to the Motion to Stay, and the time for doing so has passed.

Osteopathic Medicine at Nova Southeastern University ("NSU") in August 1998.  Am. Compl. ¶ 11.  Plaintiff alleges that he completed all requirements for a degree in osteopathic medicine, but in 2005, NSU informed him that he would not receive the degree unless he passed another exam.  Id. ¶¶ 11-12.  In 2006, NSU discharged Plaintiff from the program without issuing him a degree.  Id. ¶ 12.

On February 10, 2006, Plaintiff filed an action against Defendant in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida ("State Court Action").  Jallali v. Am. Osteopathic Ass'n, Case No. 06-001846 (Fla. Cir. Ct. Feb. 10, 2006).  In the State Court Action, Plaintiff brought three causes of action: declaratory judgment (Count I); specific performance (Count II); and breach of contract (Count III).  Composite Exhibit A to Mot., State Court Complaint [DE 19-1 at 207].  Through these claims, Plaintiff sought conferral of his medical degree as well as fees and costs of the suit.  Id.  On August 23, 2006, the state court granted Defendant's Motion to Dismiss the State Court Complaint.  Composite Exhibit A to Mot., Order on Motion to Dismiss [DE 19-1 at 17].  Plaintiff then filed an Amended Complaint asserting the same causes of action.  Composite Exhibit A to Mot., State Court Amended Complaint [DE 19-1 at 18-25].  Finally, on January 3, 2007, based on a determination that each of Plaintiff's claims failed, the state court granted Defendant's Motion to Dismiss Amended Complaint with prejudice.  Composite Exhibit A to Mot., Order on Motion to Dismiss Amended Complaint [DE 19-2 at 57-60].  Plaintiff then appealed the Order of dismissal to the Fourth District Court of Appeal, see Exhibit B to Mot., Fourth District Order [DE 19-3 at 2], and on August 15, 2007, the Fourth District dismissed the appeal for lack of prosecution, id.

Now, Plaintiff brings his case to this Court. The Amended Complaint alleges the following claims: discrimination and equal protection violations (Bivens Count) (Count I); equitable estoppel (Count II); judicial estoppel (Count III); breach of fiduciary duty (Count IV); breach of implied covenant of good faith and fair dealing (Count V); negligent supervision (Count VI); third-party beneficiary agreement (Count VII); and mandamus and injunctive relief (Count VIII). See Am. Compl. Plaintiff seeks damages, costs and expenses, a judgment of estoppel, and a writ of mandamus directed to Defendant to compel action, and/or injunctive relief. See Am. Compl.

On May 9, 2011, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion seeks dismissal with prejudice based on the Rooker-Feldman doctrine, *res judicata*, failure to state a *Bivens* claim and therefore lack of subject matter jurisdiction over the remaining claims, failure to state a claim upon which relief can be granted, and statute of limitations. See Mot. to Dismiss. The Motion to Dismiss also requests Court intervention to prohibit Plaintiff from filing further lawsuits against Defendant. See Mot. to Dismiss at 20. Plaintiff opposes the Motion to Dismiss as well as the request for Court intervention. See Resp. For the reasons discussed below, the Court will dismiss the Amended Complaint with prejudice but will not grant the request for Court intervention.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

Furthermore, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Nevertheless, the Court does not have a "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

### III. ANALYSIS

The Court will dismiss Plaintiff's Amended Complaint for three reasons. First, the Rooker-Feldman doctrine deprives this Court of subject matter jurisdiction over any claims that essentially seek review of the State Court Action. Second, *res judicata* bars Plaintiff from relitigating claims that were or could have been litigated in the State Court Action. Finally, even if Rooker-Feldman and *res judicata* did not preclude this case, Plaintiff's Bivens claim fails as a matter of law, leaving this court without federal subject matter jurisdiction over the remaining claims.

#### A. Rooker-Feldman Deprives this Court of Subject Matter Jurisdiction

A federal district court generally does not have authority to review decisions made by a state court of competent jurisdiction. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983) ("lower federal courts possess no power whatsoever to sit in direct review of state court decisions."); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009). Simply put, the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, a state court of competent jurisdiction entered an order dismissing Plaintiff's claims arising out of Defendant's alleged failure to require NSU to confer a medical degree upon him. The appeal was then dismissed for lack of prosecution. Now, in this Court, Plaintiff seeks to relitigate the claims that the state court already

denied. The Rooker-Feldman doctrine bars such relitigation.

In his Response, Plaintiff argues that Rooker-Feldman does not apply here first, because the state court lacked jurisdiction over the federal claims asserted in this case and second, because this case does not concern a disputed issue of state law. Plaintiff contends that the "modern interpretation of the [Rooker-Feldman] doctrine merely states that lower federal courts have no jurisdiction over direct appeals from state court decisions." Resp. at 6. As described below, both of Plaintiff's arguments lack merit.

Plaintiff's first argument fails because the state court did have jurisdiction over the federal claims asserted in this case. As a general rule, "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." Tafflin v. Levitt, 493 U.S. 455, 458 (1990). Therefore, absent any express or implied reason otherwise, state courts have jurisdiction over federal claims. See id. at 458; Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 477-78 (1981) ("state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication."). Plaintiff has identified no reason that the state court did not have jurisdiction over his federal claims, nor does the Court see any such reason. Therefore, the state court had jurisdiction over Plaintiff's federal claims.

Plaintiff's second argument fails because the Rooker-Feldman doctrine does apply to this case. Contrary to Plaintiff's contentions, the federal case need not concern a disputed issue of state law for Rooker-Feldman to apply. All that is necessary is that after the state court proceedings end, a losing party in state court files

6

a suit in a federal district court complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment.  See Skinner v. Switzer, 131 S. Ct. 1289, 1297 (U.S. 2011) (discussing fact patterns in Rooker and Feldman and explaining holding from Exxon, 544 U.S. at 292, emphasizing the narrow ground of the doctrine).  Here, after the State Court Action ended, Plaintiff, who lost in state court, brought suit in this federal district court.  Though he does not style this case as an appeal, underlying his Amended Complaint is a direct challenge to the state court's conclusions regarding whether Plaintiff deserves his medical degree.  Plaintiff's claim for mandamus and injunctive relief in this case mirrors his state court claims for declaratory judgment and specific performance.  Compare Am. Compl. at Count VIII with State Court Am. Compl. at Counts I and II.  To a certain extent, his breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, and third-party beneficiary agreement claims in this case challenge the state court determination on his state court claim for breach of contract.  Compare Am. Compl. at Counts IV, V, and VII with State Court Am. Compl. at Count III.  In this sense, Plaintiff complains of an injury caused by the state-court judgment because the state court refused to grant the relief he requested when it dismissed his State Court Amended Complaint.  In the State Court Action, Plaintiff sought damages and injunctive relief to remedy NSU's failure to award him a medical degree, and here, once again, he seeks the same relief.  Therefore, Plaintiff essentially seeks federal-court review of the state court decision.

Similar to Feldman, where a state court denied the plaintiffs' request for a waiver of certain bar admission requirements, see Feldman, 460 U.S. at 486-87, here, the state court denied Plaintiff's request to confer upon him a medical degree.  Like the

7

Feldman Court, which dismissed the case because if it asserted jurisdiction over the lawsuit, the court "would find itself in the unsupportable position of reviewing an order of a jurisdiction's highest court," id. at 462, if this Court asserted jurisdiction over Plaintiff's case, this Court would find itself in the position of reviewing the state court's orders. Though Feldman held that the district court had subject matter jurisdiction over a general attack on the constitutionality of the bar admission rule at issue, id. at 487, Plaintiff does not challenge the constitutionality of any rules at issue in his case. Accordingly, the Rooker-Feldman doctrine covers this case.

Further, Rooker-Feldman extends to claims that "could have been raised in the state courts," Johnson v. Baker, 2008 U.S. App. LEXIS 22258, at *2 (11th Cir. Oct. 20, 2008) (finding Rooker-Feldman doctrine applies to arguments that "could have been raised in the state courts"), and in accordance with the discussion above, Plaintiff could have raised the claims asserts in this case before the state court.[2]  Consequently, the Rooker-Feldman doctrine deprives this Court of jurisdiction over Plaintiff's claims.

---

[2] Though Plaintiff's claims for equitable estoppel and judicial estoppel could not have been asserted in the State Court Action because they involve a comparison of Defendant's arguments in the State Court Action and the instant federal action, these claims both fail.  Equitable and judicial estoppel both require a plaintiff to demonstrate that the defendant has taken inconsistent positions.  See United Contractors, Inc. v. United Constr. Corp., 187 So. 2d 695, 701 (Fla. Dist. Ct. App. 1996) (equitable estoppel); Blumberg v. USAA Cas. Ins. Co., 790 So. 2d 1061, 1066 (Fla. 2001) (judicial estoppel).  The basis for both of Plaintiff's claims is the allegation that "Defendant's representations constitute inconsistent positions," Am. Compl. ¶ 35; see also Am. Compl. ¶ 43, yet, a review of the record demonstrates that Defendant has not taken inconsistent positions in the two cases.  Accordingly, Plaintiff has not shown that Defendant has taken inconsistent positions, nor can he show that Defendant has taken inconsistent positions.  Therefore, even though these claims could not have been asserted in the State Court Action, they will be dismissed with prejudice for failure to state a claim.

## B. *Res Judicata* Bars Plaintiff's Attempt to
## Relitigate His State Court Action

"The doctrine of claim preclusion (or *res judicata*) bars the parties to an action from relitigating matters that were or could have been litigated in an earlier suit." Shurick v. The Boeing Co., 623 F.3d 1114, 1116 (11th Cir. 2010). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979). In accordance with these principles, "[a] party seeking to invoke res judicata must show that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1269 (11th Cir. 2002) (citing In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001)).

The parties do not dispute that the state court had jurisdiction over the State Court Action, and as discussed above, the state court was also competent to hear Plaintiff's federal claims. The state court entered its final decision when it dismissed Plaintiff's State Court Amended Complaint with prejudice, and the Fourth District then entered its final decision on the appeal when it dismissed the appeal for lack of prosecution. The State Court Action, like the instant action, involved two parties: Plaintiff Dr. Massood Jallali and Defendant American Osteopathic Association. The only remaining question, then, is whether the State Court Action and the instant federal action are the same for *res judicata* purposes.

9

Under Eleventh Circuit precedent, "[t]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990) (citations and quotations omitted); see also Ragsdale v. Rubbermaid, Inc.,193 F.3d 1235, 1239 (11th Cir. 1999).  To apply this test, "a court must compare the substance of the actions, not their form . . . . In other words, a court must look to the factual issues to be resolved in the second cause of action, and compare them with the issues explored in the first cause of action." Citibank, 904 F.2d at 1503 (citations and quotations omitted); see also Ragsdale,193 F.3d at 1239.  Generally, "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Citibank, 904 F.2d at 1503.

Although Plaintiff labels his claims differently in this case compared to the State Court Action, the factual issues to be resolved arise from the same nucleus of operative fact.  Plaintiff's Response suggests that he brings "several new claims which were not cognizable in the state court [and which] are predicated upon new acts of Defendant that revive, reinjure, or newly injure Plaintiff," Resp. at 7, but in reality, the factual predicates are the same: in the State Court Action, Plaintiff sought damages and injunctive relief to remedy NSU's failure to award him a medical degree, and in this case, he seeks the same relief based on the same facts.  The fact that this federal case was filed after Plaintiff lost an appeal of another state case against NSU, see Am. Compl. ¶¶ 13-14, and after Defendant denied the claim Plaintiff brought directly to Defendant, id. ¶¶ 15-17, is inapposite.  No new facts emerged as a result of those

claims that affected the relief Plaintiff seeks in the instant case.  Both cases involve the same graduation requirements, the same course work, Plaintiff's attempt to pass the same exam, and Plaintiff's desire to obtain the same degree from the same institution. Therefore, the two cases are really the same, see Citibank, 904 F.2d at 1503, and *res judicata* bars Plaintiff from relitigating his claims.[3]

### C. The Court Lacks Federal Subject Matter Jurisdiction Over This Case

Federal courts are courts of limited jurisdiction.  See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008).  Federal subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331-1332.  When a case involves additional claims forming part of the same case or controversy as those over which there is original jurisdiction, the court may assert supplemental jurisdiction over the additional claims.  See 28 U.S.C. § 1367. The party seeking to litigate in federal court bears the burden of establishing jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

In his Amended Complaint, Plaintiff alleges that his Bivens claim provides the basis for federal question jurisdiction.  Am. Compl. ¶ 3.  He alleges supplemental jurisdiction over the remaining non-federal claims. Id. ¶ 4.  However, as more fully described below, the Bivens claim fails as a matter of law, so there is no federal

---

[3]  As discussed above, Plaintiff's equitable and judicial estoppel claims fail for failure to state a claim upon which relief can be granted.  In addition, because *res judicata* bars the remainder of Plaintiff's claims, the equitable and judicial estoppel claims necessarily fail because this entire case is barred in the first place.

question jurisdiction here.

"In Bivens—proceeding on the theory that a right suggests a remedy—[the Supreme Court of the United States] recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1947 (U.S. 2009) (citations and quotations omitted); see also Bivens v. Six Unknown fed. Narcotics Agents, 403 U.S. 388 (1971). Importantly, Bivens only contemplates suit against the federal government or its employees; a Bivens claim does not lie against a private company. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66, 71 (2001) ("inferring a constitutional tort remedy against a private entity . . . is therefore foreclosed."). Defendant in this case is a private company, not the federal government or a federal government employee. Contrary to Plaintiff's suggestion that "Defendant is the arm of the United States," Resp. at 11, Defendant is an Illinois not for profit corporation, Am. Compl. ¶ 7; Reply at 6. Therefore, Plaintiff's Bivens claim fails as a matter of law. See Malesko, 534 U.S. at 66, 71.

Finally, the Court will not accept Plaintiff's invitation to convert the Bivens claim into a 42 U.S.C. § 1983 claim or to imply a federal claim in Plaintiff's third-party beneficiary agreement claim. See Resp. at 12, 13. First, a § 1983 claim requires that a plaintiff establish that the defendant acted "under color of any statute ordinance, regulation, custom or usage of any state." Gilbert v. Sears, Roebuck & Co., 899 F. Supp. 597, 599 (M.D. Fla. 1995) (quoting 42 U.S. § 1983). This requirement generally requires that state action exist, and not private action. See id. Plaintiff has not alleged such action, nor can he, because as discussed above, Defendant is a private actor, not

12

a state actor. Second, Plaintiff's third-party beneficiary agreement claim is a state claim, not a federal claim. But even if it were a federal claim, the claim is barred under the doctrines discussed above. See *supra.*

Accordingly, there is no original federal jurisdiction over this case, and consequently, there is also no supplemental jurisdiction over Plaintiff's remaining claims. Thus, there is no subject matter jurisdiction over this case. For this reason, in addition to the *res judicata* and Rooker-Feldman doctrines discussed above, the Court will dismiss Plaintiff's Amended Complaint. Because further amendment will be futile, dismissal is with prejudice.

### D. Request for Court Intervention

Finally, Defendant requests Court intervention to prohibit Plaintiff from filing further lawsuits. See Mot. to Dismiss at 20. Defendant notes, "This is the second lawsuit filed by Plaintiff arising out of the same transaction or occurrence and seeking the same relief." Mot. at 7.

Though the Court recognizes that the obligation to defend multiple lawsuits based on the same facts imposes a burden on Defendant's time and resources, Plaintiff has only filed one case against this particular Defendant in this Court. Aside from this case and Jallali v. Duncan, Case No. 10-60189, 2010 WL 5418865 (S.D. Fla. Dec. 9, 2010) (dismissed based on collateral estoppel), the Court is unaware of any other cases Plaintiff has filed against any defendants in this Court. However, Plaintiff has already filed no less than four cases based on these facts, or at least related facts, in state court: Jallali v. Nova Se. Univ., Inc. Case No. 05–9811 11 (Fla. Cir. Ct. 2005); Jallali v. Am. Osteopathic Ass'n, Case No. 06-001846 (Fla. Cir. Ct. 2006); Jallali v.

13

<u>Nova Se. Univ., Inc.</u>, Case No. 07-20970 3 (Fla. Cir. Ct. 2007); and <u>Jallali v. Nat'l Bd. Of Osteopathic Med. Exam'rs, Inc.</u>, Case No. 08–9773 12 (Fla. Cir. Ct. 2008).  Therefore, if Defendant wishes to continue pursuing court intervention, Defendant might consider seeking such relief in state court.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant American Osteopathic Association's Motion to Dismiss Amended Complaint [DE 19] is **GRANTED** with respect to the request for dismissal and **DENIED** with respect to the request for Court intervention;

2. Plaintiff Dr. Massood Jallali's Amended Complaint [DE 16] is hereby **DISMISSED with prejudice**;

3. Defendant's Renewed Motion to Stay Discovery Pending Ruling on Motion to Dismiss Amended Complaint [DE 20] is **DENIED as moot**;

4. Any pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 30th day of June, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Dr. Massood Jallali, *pro se*
2337 South University Drive
Davie, FL 33324